UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| WILLIAM FRANK POOLE, | ) | CASE NO. 1:06 CV 645 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| TYRONE E. REED, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

On March 21, 2006, plaintiff pro se William Frank Poole filed this action against his criminal defense attorney, Tyrone E. Reed. In the complaint, Mr. Poole alleges that Mr. Reed's representation was so deficient that it violated his Sixth Amendment right to counsel. He seeks return of monies paid to Mr. Reed, as well as compensatory and punitive damages.

### *Background*

Mr. Poole's complaint is very brief. He alleges:

> On 4-8-05 Attorney Tyrone E. Reed failed to file a Notice of Appeal on my behalf. Attorney Reed violated my Sixth Amendment rights. Attorney Reed has knowingly misled me and my family members. Attorney Reed settled my case without my permission. Attorney Reed repeatedly neglected my legal issues after he agreed to represent me in federal court.

(Compl. at 1.) He seeks an unspecified amount in compensatory and punitive damages.

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Mr. Poole claims only that Mr. Reed violated his Sixth Amendment right to counsel. Because the Constitution does not directly provide for damages, plaintiff must proceed under a statutory or case law provision which authorizes an award of damages for alleged constitutional violations. Sanders v. Prentice-Hall Corp. Sys, 178 F.3d 1296 (6th Cir. 1999). As no other statute or case law doctrine appears to present an even arguably viable vehicle for the assertion of plaintiff's Sixth Amendment violation, this claim must arise, if at all, as part of a Bivens[2] action.

To state a Bivens claim, Mr. Poole must allege that an employee or agent of the federal government, acting under color of federal law, deprived him of rights, privileges, or

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2] Bivens v. Six Unknown Agents, 403 U.S. 388, 396 (1971).

immunities secured by the Constitution or laws of the United States. See Bivens, 403 U.S. at 396; Parratt v. Taylor, 451 U.S. 527, 535 (1981). A federal public defender or a private criminal defense attorney, however, is not considered to be a federal employee or agent and therefore does not act under color of federal law for purposes of a Bivens action. See Polk County v. Dodson, 454 U.S. 312, 320-21 (1981)(stating that a public defender does not act under color of state law for purposes of 42 U.S.C. § 1983); Burrell v. Arnold, Nos. 97-3967, 97-4087, 1998 WL 537531 (6th Cir. Aug. 10, 1998)(analogizing the Supreme Court's decision in Polk to a federal public defender for purposes of a Bivens action). Mr. Poole's claim against Mr. Reed must be dismissed.

Moreover, even if this claim could be asserted against Mr. Reed, it would not be cognizable in a federal civil rights action. A prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The holding in Heck applies whether plaintiff seeks injunctive, declaratory or monetary relief. Wilson v. Kinkela, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998). Mr. Poole's claim that he received ineffective assistance of counsel, if found to have merit, would call into question the validity of his conviction. As such, he must also allege his conviction was declared invalid by either an Appellate Court or a federal habeas corpus decision. He has not done so and his claim therefore could not proceed.

## *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

3

in good faith.[3]

       IT IS SO ORDERED.

                              /s/*SOLOMON OLIVER, JR.*
                              UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.